# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RANIA ASSILY, | Case No. 1:25-cv-1075 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| BENJAMIN SMITH, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff brought several defamation claims against Defendants in State court. Defendants removed the case, and Plaintiff moved to remand. For the following reasons, the Court **GRANTS** the motion to remand.

## BACKGROUND

During the relevant events, Plaintiff Rania Assily was a professor at Cuyahoga Community College. (ECF No. 1-1, PageID #4.) On April 15, 2025, she filed a complaint in State court against Defendants Benjamin Smith, Kimberly Johnson, Derrick Williams, Alexander B. Johnson, Vincent Briley, Meghan Estes, and Cuyahoga Community College. (ECF No. 1-1.) The complaint brings four claims of defamation based on interactions between Professor Assily, Ms. Johnson, and Mr. Briley at a Cuyahoga Community College event, Mr. Smith's statements after the event, and the statements and actions of various Cuyahoga Community College employees after the event. It also asserts one claim of intentional infliction of emotional distress. The complaint does not allege any claims under federal law.

On May 27, 2025, Defendants removed the case to federal court. (ECF No. 1.) Defendants argue that, "although not explicitly mentioned [in the complaint], Plaintiff brings allegations under federal law." (*Id.*, ¶ 6, PageID #1.) Specifically, Defendants argue that Plaintiff "circumvents directly bringing a 42 U.S.C. § 1983 claim by including allegations that Defendants violated her rights pursuant to the First Amendment" and "the Fourteenth Amendment." (*Id.*, ¶ 6, PageID #2.)

Plaintiff moved to remand. (ECF No. 11.) Plaintiff argues that her complaint brings only State-law claims, does not raise any substantial federal question, and any allusion to the First Amendment is only a "passive and errant reference." (*Id.*, PageID #157.)

## LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power that the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996). As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if the plaintiff filed suit in federal court in the first instance. *See, e.g.*, *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Courts strictly construe the removal statute and resolve all doubts in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

In general, "[f]ederal courts have original jurisdiction over two types of cases: cases that involve a federal question . . . and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied." *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (citing 28 U.S.C. §§ 1331, 1332(a)). Defendants invoke federal question jurisdiction as the basis for their removal. Under 28 U.S.C. § 1331, federal question jurisdiction exists "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, defenses are "inadequate to confer federal jurisdiction" for removal from State court. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

## ANALYSIS

On the face of the complaint, Plaintiff does not bring a claim under 42 U.S.C. § 1983. Nor does it assert any other claim under federal law. That said, Defendants argue that the complaint "includ[es] allegations that Defendants violated [Plaintiff's] rights pursuant to the First Amendment [and] the Fourteenth Amendment." (ECF No. 1, ¶ 6, PageID #2.) Defendants bolster this argument by suggesting that the Court has jurisdiction through the artful-pleading doctrine because Plaintiff artfully styled Section 1983 claims as defamation claims. (ECF No. 13, PageID #164–70 (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).)

In support of this argument, Defendants point to 14 of the 252 paragraphs in the complaint. (*Id.*, PageID #164–70.) But none mentions federal law. Instead,

3

Defendants appear to have simply compiled a list of paragraphs that contain the phrase "academic freedom" and two paragraphs containing reference to the "First Amendment." (*Id.*) But those references do not make out a federal claim.

Mention of academic freedom or the First Amendment in a complaint otherwise focused on State-law defamation claims (and one claim of intentional infliction of emotional distress) do not transform these causes of action to federal questions "on the face" of the complaint. *Caterpillar*, 482 U.S. at 392. Even if Defendants mean to suggest they can be sued only under Section 1983, any potential defenses to the claims in the complaint are "inadequate to confer federal jurisdiction" for removal from State court. *Merrell Dow Pharms.*, 478 U.S. at 808.

Defendants' reliance on the artful-pleading doctrine fares no better. Under the artful pleading doctrine, "a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Mikulski*, 501 F.3d at 561 (citing *Franchise Tax Bd. of State of Cal. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983)). Here, Plaintiff only asserts State-law claims. Plaintiff does not seek a remedy for deprivation of her rights guaranteed under the First Amendment or any other provision of the Constitution or federal law; she seeks a remedy for defamation. On these facts, a less artfully drafted complaint would not have provided a basis for the exercise of federal jurisdiction. *Mikulski*, 501 F.3d at 563.

Defendants fall far short of meeting their burden to establish the Court's jurisdiction. Accordingly, the Court **REMANDS** this case to State court.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand (ECF No. 11) and **REMANDS** this action to the Cuyahoga County Court of Common Pleas.

**SO ORDERED**

Dated: September 9, 2025

                                                         J. Philip Calabrese
                                                         United States District Judge
                                                         Northern District of Ohio